UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA L. SMITH, et al.,

    Plaintiffs,

vs.                                                           Case No. 3:08-cv-1159-J-34MCR

WILLIE JAMES ROBINSON, et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant Michael O. Ashwood's[1] Motion to Set Aside Default (Doc. 40) filed July 22, 2009. The Court conducted a hearing on September 10, 2009, which was attended by Mr. Ashwood, counsel for Plaintiffs, and counsel for Defendants, Willie James Robinson and Cynthia M. Ross.

### **I. BACKGROUND**

On December 3, 2008, Plaintiffs filed a complaint seeking declaratory judgment. Plaintiffs filed an amended complaint on December 29, 2008. The amended complaint alleges that Keith Van Robinson had a life insurance policy issued by Defendant, The Prudential Insurance Company of America, in the amount of $400,000.00 and that on July 25, 2008, Mr. Robinson passed away. Mr. Robinson completed two beneficiary election forms: one in November 2006 and a second form in June 2008. The first election form included four primary beneficiaries: Cynthia Ross, Onika Williams, Patricia

---

[1] In the Complaint and on the Docket, Defendant Michael O. Ashwood is incorrectly identified as Michael O. Ashland.

Robinson, and Eric Robinson. The second election form included four primary beneficiaries: Willie James Robinson, Onika Williams, Patricia Robinson, Eric Robinson and two contingent beneficiaries: Cynthia Ross and Michael Ashwood.

The Plaintiffs allege that the most recent election form for the life insurance policy was ambiguous as to the percentage of benefits going to particular beneficiaries. Additionally, they claim the insured, Keith Van Robinson, was suffering from liver cancer and taking numerous strong medications at the time he completed the second election form and as a result, he was not competent to complete the form. Finally, Plaintiffs assert that one of the Defendants, Willie J. Robinson, exerted undue influence on Keith Van Robinson, and induced him to change the disposition of the life insurance policy. Plaintiffs ask the Court to determine "the rightful and appropriate beneficiaries to the policy."

A review of the docket indicates the complaint was properly served on the Defendants and specifically on Defendant, Michael O. Ashwood, on December 16, 2008. (Doc. 5). When Mr. Ashwood did not file an answer, the Plaintiffs filed a motion for entry of default against Mr. Ashwood on February 6, 2009. (Doc. 13). The Court granted the motion and a clerk's entry of default was entered on February 26, 2009. (Docs. 17 and 18). The docket reflects that a copy of the Order granting the motion for default was sent to Mr. Ashwood.

On May 22, 2009, the Court entered an Order to Show Cause as to why the claims against Mr. Ashwood should not be dismissed for Plaintiffs' failure to seek entry of a default judgment. (Doc. 31). Thereafter, Plaintiffs filed a motion for default

judgment against Mr. Ashwood on May 29, 2009.  (Doc. 32).  The Court then entered an Order directing Mr. Ashwood to file a response to the motion for default judgment no later than July 22, 2009.  (Doc. 38).  On July 22, 2009, Mr. Ashwood filed a letter stating he wanted to protest Plaintiffs' request for a default judgment and claiming he had been misled by one of the plaintiffs and her attorney.  (Doc. 40).  The Court construed the letter as a motion to set aside the entry of default.

On July 27, 2009, the parties (except Mr. Ashwood) participated in a mediation conference and were able to resolve the dispute regarding the insurance benefits.  As Mr. Ashwood was not included in the settlement, the Court directed the parties to inform the Court how they intended to proceed in the matter.  (Doc. 44).  The Plaintiffs and Defendants, Cynthia M Ross and the Prudential Insurance Company, filed responses.  Plaintiffs and Ms. Ross opposed Mr. Ashwood's motion to set aside the default.  (Docs. 46 and 47).  Prudential reiterated its position that it is a disinterested stakeholder ready and willing to pay the death benefit.  (Doc. 45).  The remaining defendants did not file any response.

On September 1, 2009, Mr. Ashwood filed another document in which he explained he was not aware of the Court proceedings and his need to respond because he was advised incorrectly by one of the Plaintiffs and her attorney as well as the attorney for Defendant, Willie Robinson.  (Doc. 50).

During the hearing, Mr. Ashwood was asked if he received a copy of the complaint and he responded that he did.  He also confirmed that he received a copy of the Court's Order granting entry of the default.  Mr. Ashwood explained that he basically

ignored the papers in this case because he respected the wishes of his friend, Keith Van Robinson, and was not interested in being involved in a legal action. It was not until he spoke with his mother that Mr. Ashwood decided he needed to participate in the litigation and file anything in this case. Mr. Ashwood further explained that he believed he was misled by the attorneys because they did not tell him about the mediation and allegedly counsel for Plaintiff told Mr. Ashwood that he did not need to hire an attorney to represent him.[2]

## II. ANALYSIS

Pursuant to Rule 55(c), Federal Rules of Civil Procedure, a court may set aside an entry of a default "for good cause." "Good cause" is a liberal, elastic standard that does not have a precise formula. Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citing Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). The standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment. E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1990). In deciding whether to set aside an entry of default, the Court looks at numerous factors such as: (1) whether there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) whether the defaulting party responded promptly after notice of the entry of default; (3) whether

---

[2] Mr. Ashwood also claimed that one of the Plaintiffs, Eric Robinson, attempted to blackmail him. Mr. Ashwood alleged Mr. Robinson told him that his letter to the Court was holding up the settlement and that if Mr. Ashwood stopped trying to set aside the default, Mr. Robinson would "take care of" Mr. Ashwood.

setting aside the default would prejudice the non-defaulting party; and (4) whether the defaulting party had a meritorious defense." Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 236 (M.D. Fla.1993). A review of the four factors noted above leads the Court to conclude that the default should not be set aside.

### A. Excusable Neglect

Mr. Ashwood claimed in his letters that he failed to respond to the complaint or the entry of default because he was misled by one of the plaintiffs and their attorney. However, during the hearing, Mr. Ashwood explained that he failed to participate in the litigation because he was not interested in the money and did not want the hassle of being involved in litigation in federal court. Mr. Ashwood stated that his mother is the one who convinced him to file something with the Court. Mr. Ashwood could not point to any examples of any attorney misleading him other than the failure of the attorneys to inform him of the mediation scheduled for July 29, 2009 and his allegation that counsel for Plaintiff told him he did not need to hire an attorney. The Court believes that under these circumstances, Mr. Ashwood has failed to show excusable neglect for his failure answer or to respond to the complaint.

### B. Promptness in Moving to Set Aside Default

Even if the Court found Mr. Ashwood's delay in responding to the complaint was excusable, he failed to show that he responded promptly after notice of the entry of default. Mr. Ashwood admitted that he received a copy of the Court's Order granting the motion for entry of default, which was entered on February 25, 2009, but he failed to file anything with the Court until July 22, 2009.

### C. Prejudice

Plaintiffs and the other defendants take the position that they will be prejudiced if the Court sets aside the entry of default against Mr. Ashwood. The Court agrees. The remaining parties were able to reach an agreement at the mediation conference on July 27, 2009 and permitting Mr. Ashwood to set aside the default would nullify their agreement and cause all parties to incur significant expense.

### D. Meritorious Defense

Finally, Mr. Ashwood has failed to show that he has a meritorious claim to the insurance benefits. Mr. Ashwood was not listed on the first election form and was listed on the second election form as only a contingent beneficiary. Mr. Ashwood acknowledged that none of the principal beneficiaries had predeceased Keith Van Robinson nor has there been any allegation that any of the primary beneficiaries were otherwise disqualified from receiving the insurance proceeds. Therefore, Mr. Ashwood would not be entitled to any of the insurance proceeds. This factor alone convinces the Court that setting aside the default would not serve the interests of justice. When combined with the other factors, the Court finds Mr. Ashwood's request to set aside the default is due to be denied.

Accordingly, and after due consideration, it is hereby

**ORDERED**:

Defendant Michael O. Ashwood's Motion to Set Aside Default (Doc. 40) is **DENIED**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this   16th   day of September, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se parties